UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
BAIRON BERMEO, individually
and on behalf of others similarly situated,

                                                     Plaintiff,        **COMPLAINT**

   -against-                                                     **FLSA COLLECTIVE**

GC LEADER CONSTRUCTION CORP.
and GRZEGORZ CZYZEWSKI, individually,

                                                     Defendants.
------------------------------------------------------------------------X

Plaintiff Bairon Bermeo ("Plaintiff" or "Bermeo") by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of GC Leader Construction Corp. ("GC Construction") and Grzegorz Czyzewski ("Czyzewski"), individually (collectively, "Defendants"), alleges the following:

## NATURE OF THIS ACTION

1. This matter arises under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) et seq., ("NJWHL"), the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et seq., ("NJWPL") and the New Jersey Sick Leave Law N.J.S.A. 13:11 D-5 ("N.J.S.A") .

2. Plaintiff and his similarly situated coworkers work or have worked at GC Construction that is owned and operated by Czyzewski.

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA, NJWHL, and NJWPL by Defendants.

4. Plaintiff also brings this action against Defendants for the failure of Defendants to provide paid sick leave as required under the N.J.S.A.

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

6. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

10. Plaintiff is an individual who resides in Queens County, New York.

11. From March 2022 through June 2023, Plaintiff worked for Defendants as a wood finisher/painter.

12. Plaintiff's job duties included, among other duties, painting and finishing the manufactured wood products.

13. Plaintiff was a covered employee within the meaning of the FLSA.

**Defendant Grzegorz Czyzewski**

14. Defendant Czyzewski is a person engaged in business in Essex County, New Jersey, who is sued individually in his capacity as owner, officer, and/or agent of GC Construction.

15. Upon information and belief, Czyzewski is an owner and operator of GC Construction, who sets GC Construction payroll policies, including the unlawful practices complained of herein.

16. On information and belief, Czyzewski maintains control, oversight and direction over GC Construction.

17. On information and belief, Czyzewski exercises sufficient control over Plaintiff's working conditions to be considered Plaintiff's employer under the FLSA.

18. At all times material hereto, Czyzewski had the authority to hire and fire Plaintiff and similarly situated employees, and established and maintained policies regarding the pay practices at GC Construction.

**GC Leader Construction Corp.**

19. GC Leader Construction Corp. is a New Jersey Corporation operating in the construction industry with its principal place of business at 463 Maryland St, Orange NJ 07051.

20. On information and belief, GC Leader Construction Corp. is owned and operated by Czyzewski.

21. At all times relevant to this action, GC Leader Construction Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22. At all relevant times, GC Leader Construction Corp. had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**COLLECTIVE ACTION ALLEGATIONS**

23. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

24. The FLSA Collective consists of approximately 25 similarly situated current and former employees who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

25. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week.

26. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

27. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.

4

These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

28. The FLSA requires that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

29. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

## STATEMENT OF FACTS

**Plaintiff's Employment with Defendants**

30. GC Construction is a construction company.

31. On or about March 2022, Plaintiff began employment at GC Construction.

32. On or about June 2023 was Plaintiff's last day of employment.

33. Plaintiff worked as a wood finisher/painter on behalf of Defendants.

34. From Monday through Friday Plaintiff worked from 7:00 am to 5:00 pm.

35. On Saturdays, Plaintiff worked from 7:00 am to 3:00 pm.

36. Plaintiff was paid $24 per hour.

37. Plaintiff was paid for all hours worked by check.

38. Plaintiff was paid the same hourly rate of $24 per hour for all hours worked, including work performed after 40 hours.

39. On or about May 2023, Plaintiff was absent from work because of painful kidney stones.

40. Plaintiff was never compensated for any hours of sick leave when he was absent from work due to suffering from the very painful kidney stones.

41. Defendants unlawfully terminated Plaintiff for Plaintiff seeking sick leave after he began suffering from extremely painful kidney stones.

42. Despite multiple efforts by Plaintiff, Defendants did not pay Plaintiff the last week of work.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the FLSA Collective)**

43. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

44. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

45. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of 40 hours per workweek.

46. At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of 40 hours per workweek.

47. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective

48. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages Under New Jersey Wage and Hour Law**
**(On Behalf on Plaintiff)**

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

51. At all times relevant, Plaintiff was covered by the NJWHL.

52. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half his regular rate of pay.

53. Through their knowledge and intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), et seq. and the supporting New Jersey State Department of Labor Regulations.

54. As a result of Defendant's Wage and Hour Law violations, Plaintiff is entitled to recover from Defendant unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to NJWHL §§ 34:11-56(a) et seq.

## THIRD CAUSE OF ACTION
### Violation of the New Jersey Wage Payment Law
### (On Behalf of Plaintiff)

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to pay Plaintiff his final week of salary.

57. Defendants' failure to pay the last week of Plaintiff's salary was willful and intentional.

58. As a result of Defendant's Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages and also liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the Wage Payment Law.

## FOURTH CAUSE OF ACTION
### Violation of the New Jersey Sick Leave Law
### (On Behalf of Plaintiff)

59. Plaintiff was battling kidney stones in the course of his employment with Defendants.

60. Plaintiff was entitled to take paid leave under the Paid Sick Leave Act.

61. Defendants did not provide Plaintiff with paid sick days despite being required to do so under New Jersey state law.

62. Defendants unlawfully terminated Plaintiff for Plaintiff engaging in protected activity with respect to Plaintiff becoming sick due to suffering from kidney stones.

63. Plaintiff is entitled to receive 200% of his lost wages, and recover attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants GC Leader Construction Corp. and Grzegorz Czyzewski, jointly and severely, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

c. Damages for the unpaid overtime wages, wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL;

d. Damages for failure to provide sick leave under N.J.S.A. 34:11 D-5 including lost wages;

e. For pre-judgment and post-judgment interest on the foregoing amounts;

f. For the costs and disbursements of this action, including attorneys' fees; and

g. For such other further and different relief as this Court deems just and proper.

Dated: September 1, 2023
New York, New York

Respectfully submitted,

By: */s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007

*Attorney for Plaintiff*